UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

Ivan M. Diaz,
and other similarly
situated individuals,

    Plaintiff(s),

v.

Wireless Icenter LLC,
and David J. Campo, individually,

    Defendants,

_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Ivan M. Diaz and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants Wireless Icenter LLC, and David J. Campo, individually, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid minimum wages and retaliation under United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act"), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§1332 and 1367.

2. Plaintiff Ivan M. Diaz is a resident of Miami-Dade County, Florida, within this Honorable Court jurisdiction and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Wireless Icenter LLC (from now on Wireless Icenter, or Defendant) is a Florida Limited Liability Company. Defendant has a place of business in Miami-Dade County, within this Honorable Court Jurisdiction. Defendant was and is engaged in interstate commerce.

4. The individual Defendant David J. Campo, was and is now, the owner/partner/officer and manager of Defendant corporation Wireless Icenter. This individual Defendant was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this Complaint took place in Broward County, Florida, within this Court's jurisdiction.

General Allegations

6. This cause of action is brought by Plaintiff Ivan M. Diaz as a collective action to recover from Defendants regular wages, retaliatory and liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLSA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after July 2021, (the "material time") without being adequately compensated.

7. Defendant Wireless Icenter was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant provides cellular

telephone and computer services. Defendant also provides shipping services to Venezuela and Colombia. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the combined annual gross revenue of the Employer/Defendant was at all times in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

8. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated, through their daily activities, participated in interstate commerce by providing services to clients engaged in interstate commerce. In addition, Plaintiff regularly handled and worked on goods and materials produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

9. Defendant Wireless Icenter is a company providing cellular telephone and computer services.  Defendant also provided money transfer and merchandise shipping services to Latin American Countries. Defendant had a service center located inside Flamingo Market Place located at 12141 Pembroke Rd, Pembroke Pines, FL 33025.

10. Defendants Wireless Icenter and David J. Campo employed Plaintiff Ivan M. Diaz as a non-exempted employee from approximately July 08, 2021, to October 07, 2022, or 65 weeks. However, for FLSA purposes Plaintiff's relevant employment period is 60 weeks (Plaintiff was paid wages for five weeks).

11. During the relevant period, Plaintiff had multiple duties. Plaintiff worked as a local driver, he picked up and delivered small packages; as a clerk, handling money transfer transactions; he also worked as a shipping clerk receiving, packing, and sending packages to Venezuela and Colombia. Plaintiff was paid an hourly rate of $12.00.

12. While employed by Defendants, Plaintiff worked an average of five days per week, from Monday to Friday, from 9:00 AM to 2:00 PM (5 hours daily), or an average of 25 hours weekly. Plaintiff did not take lunchtime hours.

13. At the time of his hiring, Defendant David J. Campo offered Plaintiff a deal. David J. Campo would lease a new vehicle for his business. Plaintiff would pay a down payment of $1,000.00 and monthly payments of $435.00 for the 3 years car lease, plus $140.00 for car insurance. In return, Plaintiff would use the car for Defendant's business and after 2:00 PM, for personal use. In addition, at the end of the 3-year car lease, Defendant David J. Campo would buy the car for Plaintiff. Defendant David J. Campo promised Plaintiff to sell him the car.

14. Plaintiff accepted the offer and gave Defendant David J. Campo $1,000.00 as a down payment. Defendant David J. Campo leased a Toyota Camry 2021, and Plaintiff took over the monthly car payments of $435.00 plus $140.00 of car insurance. In addition, Plaintiff agreed that his salary as Wireless Icenter's employee would be used towards the purchase of the vehicle, at the end of the 3-year lease.

15. Defendants retained Plaintiff's wages and did not pay Plaintiff his wages at any rate, not even at the minimum wage rate, as required by law.

16. Plaintiff always maintained a second job to afford the car and living expenses.

17. Plaintiff worked for Defendants without receiving any compensation for more than one year.

18. Around July 2022, Plaintiff could not afford to work without compensation anymore and he requested Defendant David J. Campo to be paid his wages normally. He could not continue "saving" to buy the car.

19. Between July 1, and October 7, 2022 (14 weeks), Plaintiff was paid five weeks of wages.

20. Plaintiff complained several times to David J. Campo because he needed to be paid his wages every week.

21. On or about October 7, 2023, as a consequence of Plaintiff's complaints, Defendant David J. Campo fired Plaintiff.[1]

22. At the time of his termination, Defendants refused to pay Plaintiff back wages.

23. There is a substantial number of hours that were not compensated at any rate, not even the minimum wage rate established by the FLSA.

24. Plaintiff did not clock in and out, but Defendants were in absolute control of his schedule and activities. Plaintiff worked under the supervision of the business owner David J. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

25. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

---

[1] At the time of Plaintiff's termination, Defendant David J. Campo told Plaintiff that he could continue using and paying for the car until the end of the 3-year lease. Defendant David J. Campo promised Plaintiff that he would sell Plaintiff the car as agreed. However, on or about July 5th, 2023, Defendant David J. Campo did not honor his promise and demanded Plaintiff to return the car in his possession. David J. Campo repossessed the car.

26. At times mentioned, individual Defendant David J. Campo was and is now, the owner/partner/manager of Wireless Icenter. Defendant David J. Campo was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in Wireless Icenter's interests concerning its employees, including Plaintiff and others similarly situated. Defendant David J. Campo had financial and operational control of the business determining Plaintiff's terms and conditions of employment. Accordingly, he is jointly and severally liable for Plaintiff's damages.

27. Plaintiff Ivan M. Diaz seeks to recover unpaid regular wages for every hour worked during his entire employment, retaliatory damages, liquidated damages, and any other relief as allowable by law.

## Collective Action Allegations

28. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

29. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every regular hour worked during his time of employment.

30. This action is intended to include every local driver, shipping employee, and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

## COUNT I:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

31. Plaintiff re-adopts every factual allegation as stated in paragraphs 1-30 of this Complaint as if set out in full herein.

32. This action is brought by Plaintiff to recover from the Employers unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

    (1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day, and

    (C) $7.25 an hour, beginning 24 months after that 60th day.

33. Defendants Wireless Icenter and David J. Campo employed Plaintiff Ivan M. Diaz as a non-exempted local driver and shipping employee from approximately July 08, 2021, to October 07, 2022, or 65 weeks. However, for FLSA purposes, Plaintiff's relevant employment period is 60 weeks (Plaintiff was paid wages for five weeks).

34. During the relevant period, Plaintiff had multiple duties. Plaintiff worked as a local driver, he picked up and delivered small packages; as a clerk, handling money transfer transactions; and he also worked as a shipping clerk receiving, packing, and sending packages to Venezuela and Colombia. Plaintiff was paid an hourly rate of $12.00.

35. While employed by Defendants, Plaintiff worked an average of five days per week, an average of 25 hours weekly. Plaintiff did not take lunchtime hours.

36. At the time of his hiring, Defendant David J. Campo offered Plaintiff a deal. David J. Campo would lease a new vehicle for his business. Plaintiff would pay a down payment of

$1,000.00 and monthly payments of $435.00 for the 3-year car lease, plus $140.00 for car insurance. In return, Plaintiff would use the car for Defendant's business and after 2:00 PM, for personal use. In addition, at the end of the 3-year car lease, Defendant David J. Campo would buy the car for Plaintiff. Defendant David J. Campo promised Plaintiff to sell him the car.

37. Plaintiff accepted the offer and gave Defendant David J. Campo $1,000.00 as a down payment. Defendant David J. Campo leased a Toyota Camry 2021, and Plaintiff took over the monthly car payments of $435.00 plus $140.00 of car insurance. In addition, Plaintiff agreed that his salary as Wireless Icenter's employee would be used towards the purchase of the vehicle, at the end of the 3-year lease.

38. Defendants retained Plaintiff's wages and did not pay Plaintiff his wages at any rate, not even at the minimum wage rate, as required by law.

39. Around July 2022, Plaintiff could not afford to work without compensation anymore and he requested Defendant David J. Campo to be paid his wages normally. He could not continue "saving" to buy the car.

40. Between July 1, and October 7, 2022 (14 weeks), Plaintiff was paid five weeks of wages.

41. Plaintiff complained several times to David J. Campo because he needed to be paid his wages every week.

42. On or about October 7, 2023, as a consequence of Plaintiff's complaints, Defendant David J. Campo fired Plaintiff.

43. At the time of his termination, Defendants refused to pay Plaintiff back wages.

44. There is a substantial number of hours that were not compensated at any rate, not even the minimum wage rate established by the FLSA.

45. Plaintiff did not clock in and out, but Defendants were in absolute control of his schedule and activities. Plaintiff worked under the supervision of the business owner David J.Campo. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

46. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

47. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees.

48. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

49. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

50. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

   a. <u>Total amount of alleged unpaid wages</u>:

      Fourteen Thousand Five Hundred Ninety-Five Dollars and 00/100 ($14,595.00)

   b. <u>Calculation of such wages</u>:

      Total period of employment: 65 weeks

       Total number of unpaid weeks: 60 weeks
       Total number of unpaid hours: 25 hours weekly average
       FL Minimum wage 2021: $8.65
       FL Minimum wage 2021-2022: $10.00

**1.- Minimum wages from July 08, 2021, to September 29, 2021/ 12 weeks**

$8.65 x 25 hours=$216.25 weekly x 12 weeks= $2,595.00

**2.- Minimum wages from September 30, 2021, to October 7, 2022 /48 weeks**

$10.00 x 25 hours=$250.00 weekly x 48 weeks=$12,000.00

Total #1, and #2: $14,595.00

  c.  <u>Nature of wages:</u>

This amount represents regular unpaid wages at the Florida minimum wage rate.[2]

51. Defendants Wireless Icenter and David J. Campo unlawfully failed to pay minimum wages to Plaintiff.

52. Defendants knew and showed reckless disregard for the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages.

53. Defendants Wireless Icenter and David J. Campo willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages as set forth above.

54. Plaintiff has retained the law offices of the undersigned attorney to represent him individually and on behalf of the asserted class and incurred attorney's fees and costs in

---

[2] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

bringing this action. Pursuant to 29 U.S.C § 216 (b), Plaintiff is entitled to recover reasonable attorney's fees and costs.

## Prayer for Relief

Wherefore, Plaintiff Ivan M. Diaz respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendants Wireless Icenter and David J. Campo based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff Ivan M. Diaz and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE; PURSUANT TO 29 USC 215(a)(3); AGAINST ALL DEFENDANTS

55. Plaintiff Ivan M. Diaz re-adopts every factual allegation stated in paragraphs 1-30 of this Complaint as if set out in full herein.

56. Defendant Wireless Icenter was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A

57. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

58. 29 U.S.C. § 206 (a) (1) states, "….an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

59. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

60. Defendants Wireless Icenter and David J. Campo employed Plaintiff Ivan M. Diaz as a non-exempted local driver and shipping employee from approximately July 08, 2021, to October 07, 2022, or 65 weeks. However, for FLSA purposes, Plaintiff's relevant employment period is 60 weeks (Plaintiff was paid wages for five weeks).

61. During the relevant period, Plaintiff had multiple duties. Plaintiff worked as a local driver, he picked up and delivered small packages; as a clerk, handling money transfer transactions; and he also worked as a shipping clerk receiving, packing, and sending packages to Venezuela and Colombia. Plaintiff was paid an hourly rate of $12.00.

62. While employed by Defendants, Plaintiff worked an average of five days per week, an average of 25 hours weekly, Plaintiff did not take lunchtime hours.

63. Because Defendant proposed Plaintiff to sell him the car he used to work, Plaintiff agreed to work without receiving wages.

64. Defendants retained Plaintiff's wages and did not pay Plaintiff his wages at any rate, not even at the minimum wage rate, as required by law.

65. However, around July 2022, Plaintiff could not afford any more work without receiving compensation, and he requested Defendants to be paid weekly wages.

66. Between July 1, and October 7, 2022 (14 weeks), Plaintiff was paid five weeks of wages.

67. Plaintiff complained several times to David J. Campo because he needed to be paid his wages every week.

68. This complaint constituted protected activity under the FLSA.

69. As a consequence of Plaintiff's complaints, on or about October 7, 2023, Defendant David J. Campo fired Plaintiff.

70. At the time of his termination, Defendants refused to pay Plaintiff his back wages.

71. There is a substantial number of hours that were not compensated at any rate, not even the minimum wage rate established by the FLSA.

72. Plaintiff did not clock in and out, but Defendants were in absolute control of his schedule and activities. Plaintiff worked under the supervision of the business owner David J. Campo. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

73. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

74. At the time of his termination, Plaintiff was performing the essential functions of his position satisfactorily. There was no other reason than retaliation to fire him.

75. There is close proximity between Plaintiff's protected activity and his termination.

76. The motivating factor which caused Plaintiff's discharge, as described above, was his complaints seeking unpaid regular wages from Defendants. In other words, Plaintiff would not have been fired but for his complaints about unpaid regular wages.

77. The Defendants' termination of Plaintiff was in direct violation of 29 USC 215 (a)(3), and, as a direct result, Plaintiff has been damaged.

78. Plaintiff Ivan M. Diaz has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

## Prayer For Relief

Wherefore, Plaintiff Ivan M. Diaz respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants Wireless Icenter and David J. Campo that Plaintiff Ivan M. Diaz recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants Wireless Icenter and David J. Campo, to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Ivan M. Diaz further prays for such additional relief as the interests of justice may require.

## Demand for a Jury Trial

Plaintiff Ivan M. Diaz demands a trial by a jury of all issues triable as a right by a jury.

Date:  July 31, 2023

Respectfully submitted,

By:  /s/ Zandro E. Palma
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.

Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*